IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
                                          :
JOSEPH MCSWEENEY ENTERPRISES,             :
LLC,                                      :
                                          :
          Plaintiff,                      :     Civil No. 12-06332 (RBK/AMD)
                                          :
     v.                                   :     **OPINION**
                                          :
MISTER SOFTEE SALES AND                   :
MANUFACTURING, LLC, et al.                :
                                          :
          Defendants.                     :
_____:

**KUGLER**, United States District Judge:

   This matter comes before the Court on the motion of Mister Softee Sales and Manufacturing, LLC ("MSSM"), Mister Softee, Inc. ("MSI"), and Mister Softee Franchise LLC ("MSF") (collectively, "Defendants") to dismiss the complaint of Joseph McSweeney Enterprises, LLC ("Plaintiff"). Defendants contend that Plaintiff has failed to state a claim because Plaintiff relies on representations allegedly made during negotiations, which is squarely barred by the governing contracts' integration clauses. Defendants also argue that Plaintiff has failed to allege a breach of any term of the contract. Defendants alternatively move to strike Plaintiff's jury demand based on the express language of the contract. For the reasons expressed below, Defendants' motion to dismiss is **GRANTED.**

I.   **BACKGROUND**

Plaintiff is a Texas limited liability company that contracted with Defendant Mister Softee Franchise LLC ("MSF") to purchase three Mister Softee Franchises in 2008, 2009, and 2010, respectively. Am. Compl. ¶9. Mister Softee Franchises are "mobile businesses which offer soft-serve ice cream and other frozen confections to the public." Id. Defendants, including MSF, are either New Jersey corporations or limited liability companies. Plaintiff alleges that under the terms of the Franchise Agreements, he was "required to purchase or lease a vehicle and equipment from Defendants in accordance with Mister Softee's specifications." Id. at ¶10. Plaintiff claims that he entered into Truck and Equipment Sale Agreements ("Sales Agreements") to purchase two trucks from Mister Softee, with each Franchise Agreement correlating with one of Plaintiff's trucks. Id. at ¶12. Plaintiff also alleges that he purchased a 2007 truck from a former franchisee. Id. at ¶11.

According to Plaintiff, the purchased trucks were "designed and manufactured in a way that fails to compensate for the temperatures associated with warmer climates." Id. at ¶13. Plaintiff alleges numerous defects in the trucks, including that they were installed with an undersized generator set and that the chassis of the trucks were "grossly overweight." Id. Plaintiff claims that because of these defects, he was forced to make numerous repairs and has been unable to properly operate the Franchised Businesses.[1] Plaintiff also claims that Defendants have acknowledged these defects and proposed for Plaintiff to purchase a newly designed truck "to cure the previous defects." Id. at ¶15. Plaintiff asserts, however, that "Defendants have failed and refused to offer Plaintiff an adequate remedy." Id. at ¶16.

---

[1] Defendants contend that Plaintiff continues to operate his Mister Softee Franchise. However, the Court is limited to the allegations of Plaintiff's complaint on a motion to dismiss. See Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).

Due to these alleged failures, Plaintiff filed suit against Defendants in the United States District Court for the Northern District of Texas. Shortly thereafter, Defendants moved to dismiss, or in the alternative, to transfer venue to the District of New Jersey. On October 9, 2012, the district court granted Defendants' motion to transfer venue and the matter was transferred to this Court. (Doc. No. 22). On January 17, 2013, Plaintiff filed an Amended Complaint. In the Amended Complaint, Plaintiff asserts claims for breach of contract, fraud, violation of the New Jersey Consumer Fraud Act, and breach of warranty against all Defendants. Plaintiff also requests a jury trial. Id. at ¶36. Approximately two weeks after Plaintiff filed the Amended Complaint, Defendants filed the instant motion to dismiss.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss an action for failure to state a claim upon which relief can be granted. When evaluating a motion to dismiss, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)). In other words, a complaint survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

To make this determination, a court conducts a three-part analysis. Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010). First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Id. (quoting Iqbal, 556 U.S. at 675). Second, the court should identify allegations that, "because they are no more than conclusions, are not

3

entitled to the assumption of truth." Id. at 131 (quoting Iqbal, 556 U.S. at 680). Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." Id. (quoting Iqbal, 556 U.S. at 680). This plausibility determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679. A complaint cannot survive where a court can only infer that a claim is merely possible rather than plausible. Id.

**III. DISCUSSION**

Defendants raise several arguments in support of their motion to dismiss. Defendants first argue that Plaintiff's CFA claim must be dismissed because the CFA is not applicable to the sale of a franchise under the Third Circuit's prediction of New Jersey law. Defendants further contend that even if the CFA were applicable, Plaintiff's CFA, fraud, and breach of warranty claims are barred by the integration clauses in both the Franchise and Sales Agreements.[2] Finally, Defendants argue that the Complaint does not sufficiently allege a breach of contract because Plaintiff has not identified any contractual obligation that any Defendant failed to perform.[3] Defendants provided copies of the Franchise and Sales Agreements, which govern the parties' relationship, to assist the Court in resolving the instant motion.[4]

---

[2] Defendants also maintain that Plaintiff's breach of warranty claim must be dismissed because the express language of the Sales Agreements states that there are no express or implied warranties. See Defs.' Mot. Dismiss at 10.

[3] Defendants note that although Plaintiff has also asserted claims against MSI, the corporation is not a party to either the Franchise Agreements or the Sales Agreements. Defendants concede that MSI is a party to the territory addendum, but argue that since Plaintiff does not seek damages under this addendum, Plaintiff has not alleged any fact supporting the claims against MSI. See Defs.' Reply at 12. Because the Court finds that dismissal is warranted on all of Plaintiffs' claims, the Court need not address the claims against MSI specifically.

[4] Courts may generally only consider the allegations contained in the complaint, exhibits attached to the complaint, and matter of public record. However, the Court may also consider "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss." Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.,

Although Plaintiff urges the Court to apply an exception to the parol evidence rule, the Court finds that the integration clause bars further consideration of Plaintiff's allegations in the fraud, CFA, and breach of warranty counts. Plaintiff has also failed to articulate a breach of contract claim. Accordingly, the Court will grant Defendants' motion to dismiss in its entirety.

  1. *The Integration Clause*

The Court will begin by addressing the integration clause in the Franchise and Sales Agreements, which Defendants maintain is a bar to Plaintiff's fraud, CFA, and breach of warranty claims. The Franchise Agreements each contain an integration clause which states: "This agreement reflects the entire agreement between the parties and may not be changed except by a written document signed by both parties." Defs.' Mot. Dismiss, Ex. A at 19. The Franchise Agreements also state: "You acknowledge that no representations, promises, inducements, guarantees or warranties of any kind were made by or on behalf of Mister Softee which have led you to enter this agreement. You understand that whether you succeed as a franchisee depends upon your efforts, business judgments, the performance of your employees, market conditions and variable factors beyond Mister Softee's control or influence." Id. The Sales Agreements contain a similar integration clause. See Id., Ex. B at 3 ("This Agreement constitutes the entire integrated agreement between the parties and may not be changed except by a written document signed by both parties.") The Sales Agreements also contain a provision in which Plaintiff acknowledged that, with the exception of manufacturers' warranties assigned in

---

998 F.2d 1193, 1196 (3d Cir. 1993). "Otherwise, a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document on which it relied." Id. Plaintiff has not disputed the authenticity of either the Franchise or Sales Agreements. Moreover, Plaintiff is asserting a breach of contract action against Defendants, which, by its nature, is dependent on the terms of the contract. Therefore, the Court may properly consider the Agreements.

another Exhibit, "MSSM makes no warranty, either express of implied, as to the merchantability of the truck and/or equipment or its fitness for any particular use or purpose." Id.

Plaintiff insists that this language does not obstruct his ability to pursue the current claims. Instead, Plaintiff argues that the Court is "compelled, after the completion of all relevant discovery, to review that one contract term along with all other terms in the agreement to discern the parties' intent in entering into the contract." Pl.'s Opp'n at 11. Plaintiff cites to New Jersey court decisions allowing parol evidence to clarify the parties' intentions, even where the contractual language is otherwise clear. See Pl.'s Opp'n at 12-13 (citing Conway v. 287 Corporate Center Associates, 901 A.2d 341 (N.J. 2006)). Plaintiff argues that New Jersey has a "long standing policy" of requiring the admission of extrinsic evidence "to ascertain the intention of the parties." Pl.'s Opp'n at 12. Plaintiff relies on these principles of law to argue that "the statements made by Defendants and the parties' intent when entering into the agreements is a matter that is not capable of being decided on the instant motion." Id. at 13. The Court disagrees.

Plaintiff's argument conflates two distinct principles of contract law. Plaintiff endeavors to rely on the so-called "fraud exception" to the parol evidence rule to introduce extrinsic evidence of Defendants' alleged representations. While Plaintiff has correctly recited the law of New Jersey, he cannot find refuge under the decisions to which he cites. Unlike in those cases, Plaintiff is not attempting to clarify a provision in the contract, nor does Plaintiff assert that the parties intended some other agreement than the writing expresses. Plaintiff is instead attempting to alter the parties' obligations and responsibilities under the contract by voiding an agreed upon provision. See Filmlife, Inc. v. Mal "Z" Ena, Inc., 598 A.2d 1234, 1236 (N.J. Super. App. Div. 1991) ("[T]he fraud exception to the parol evidence rule is not without its limits. There is a

distinction between fraud regarding matters expressly addressed in the integrated writing and fraud regarding matters wholly extraneous to the writing.")

In the fraud count, Plaintiff alleges that "Defendants knowingly . . . made false representations as to material facts to Plaintiff during the negotiations of the Agreements . . . ." Compl. ¶22. Plaintiff relies on these same allegations in the CFA count, arguing that Defendants engaged in "unconscionable commercial practices, deception, fraud, false pretense, false promise, misrepresentations, and knowingly concealed, suppressed, or omitted material facts to Plaintiff . . . ." Id. at ¶27. In the Breach of Warranty count, Plaintiff alleges that "Defendants represented that the trucks had the ability to operate properly so that Plaintiff could operate his franchise businesses . . . ." Id. at ¶31. Each of Plaintiff's allegations is predicated upon a purported representation that is not "wholly extraneous to the writing" and thus falls within the province of the integration clause. See RNC Sys., Inc. v. Modern Tech. Grp., Inc., 861 F. Supp. 2d 436, 453-55 (D.N.J. 2012) (dismissing fraudulent inducement claim because the alleged misrepresentations "related directly to the express terms of License Agreement . . .".) Accordingly, the Court will dismiss Plaintiff's fraud, CFA,[5] and breach of warranty claims.

---

[5] Defendants also argue that Plaintiff cannot assert a CFA claim under the Third Circuit's holding that a franchise is not "merchandise" under the CFA. See J & R Ice Cream Corp. v. California Smoothie Licensing Corp., 31 F.3d 1259, 1274 (3d Cir. 1994) ("We conclude that even where franchises or distributorships are available to the public at large in the same sense as are trucks, boat or computer peripherals, they are not covered by the Consumer Fraud Act because they are businesses, not consumer goods or services.") Plaintiff urges the Court to break with the Third Circuit and notes the tension between the Third Circuit's narrow interpretation and a subsequent opinion by the Appellate Division. See Kavky v. Herbalife Int'l of Am., 820 A.2d 677, 679 (N.J. Super. App. Div. 2003) ("Notwithstanding our high regard for the Third Circuit, we are unable to agree with its unduly restrictive interpretation of the Act.") Plaintiff argues that because he cannot receive the protections of the Franchise Practices Act, the Court should permit potential redress under the CFA.

While the Court makes no ruling as to the CFA's applicability due to the integration clause, the Court must note that the majority of courts in this district have followed the Third Circuit's interpretation of the CFA. See Wingate Inns Int'l, Inc. v. Swindall, CIV.A. 12-248, 2012 WL 5252247 at *4 (D.N.J. Oct. 23, 2012) (listing recent district court decisions following the Third Circuit precedent).

*2. Breach of Contract*

The Court will similarly dismiss Plaintiff's breach of contract claim. In order to establish a breach of contract, Plaintiff must allege that the parties entered into a valid contract, that Defendants failed to perform their obligations under the contract, and that Plaintiff sustained damages as a result. Murphy v. Implicito, 920 A.2d 678, 689 (N.J. Super. App. Div. 2007). A plaintiff must also demonstrate that he performed his obligations under the contract. Pauly v. Houlihan's Restaurants, Inc., CIV. 12-0025, 2012 WL 6652754 at *4 (D.N.J. Dec. 20, 2012) (citing Video Pipeline, Inc. v. Buena Vista Entertainment, Inc., 275 F. Supp.2d 543, 566 (D.N.J. 2002)). Plaintiff has failed to plead the required elements for a breach of contract claim. Although Plaintiff has alleged the existence of a valid contract and damages, Plaintiff has not identified any "obligation under the contract" that Defendants failed to perform.

In the opposition brief, Plaintiff argues that "Plaintiff purchased three trucks that were designed and manufactured by Defendants and which Defendants represented would allow Plaintiff to operate the Franchised Businesses." Pl.'s Opp'n at 15. However, as explained with the respect to the first three claims, Plaintiff may not impose liability based on pre-contract representations because of the integration clause. Plaintiff also attempts to circumvent this pleading deficiency by asserting that Defendants provided trucks that could not function in warmer climates. Plaintiff argues that "[t]his failure prevents Plaintiff from being able to operate the Franchised Businesses as was promised by Defendants in Paragraph 1 entitled "Grant" of the Franchise Agreements and as it is described in the Background Section of the Franchise Agreements." Id. at 16. Plaintiff's artful pleading does not mask his failure to identify any

8

contractual obligation that Defendants did not perform. Accordingly, the Court will also grant Defendants' motion to dismiss Plaintiff's breach of contract claim.[6]

## III. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is GRANTED. An appropriate order shall issue today.

Dated: 8/27/2013 /s/ Robert B. Kugler
ROBERT B. KUGLER
United States District Judge

---

[6] Defendants have also moved for the Court to strike Plaintiff's demand for a jury trial based on the contractual waiver. Because the Court finds that Plaintiff has failed to state a claim, the Court need not resolve this question.